United States District Court
Southern District of Texas
**ENTERED**
October 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK DESHAWN GILBERT, <br> TDCJ #1977834, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-22-0834 |

## MEMORANDUM OPINION AND ORDER

Derrick Deshawn Gilbert (TDCJ #1977834) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) and a Memorandum of Law in Support of Petitioner 28 U.S.C. § 2254 ("Memorandum of Law") (Docket Entry No. 2) to challenge a robbery conviction from Harris County, Texas. Now pending is Respondent [Bobby] Lumpkin's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 11), which argues that the Petition is barred by the governing statute of limitations. Gilbert has not filed a reply, and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background

Gilbert is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a judgement of conviction that was entered against him by the 262nd District Court of Harris County in Case No. 1407722.[1] A grand jury returned an indictment against him in that case, charging him with aggravated robbery by committing theft of property while threatening the victim with a deadly weapon — namely, a knife.[2] The indictment was enhanced for purposes of punishment with allegations that Gilbert had two prior felony convictions for delivery of a controlled substance and assault on a public servant.[3]

The trial court granted Gilbert's request to represent himself and appointed stand-by counsel.[4] At the close of evidence the trial court found that there was insufficient proof showing that the knife used by Gilbert was a deadly weapon as alleged in the indictment and granted an instructed verdict on the offense of

---

[1]Petition, Docket Entry No. 1, pp. 1, 3; Judgment of Conviction by Jury, Docket Entry No. 12-1, pp. 75-76. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Indictment, Docket Entry No. 12-1, p. 14.

[3]Id.

[4]Reporter's Record, Faretta Hearing, vol. 2, Docket Entry No. 12-4, p. 26 lines 21-25.

aggravated robbery.[5] Thereafter, the jury found Gilbert guilty of the lesser-included offense of robbery.[6] At the conclusion of the punishment proceeding, which featured evidence showing that Gilbert committed the offenses listed in the indictment as enhancement allegations and numerous others,[7] the jury sentenced Gilbert to 75 years' imprisonment.[8]

On direct appeal Gilbert's appointed attorney filed a brief under Anders v. California, 87 S. Ct. 1396 (1967), certifying that the appeal was frivolous.[9] After independently reviewing the record and finding no reversible error, the intermediate court of appeals agreed that the appeal was frivolous and affirmed the conviction.[10] See Gilbert v. State, No. 01-15-00144-CR, 2016 WL 2342355, at *2 (Tex. App. — Houston [1st Dist.] May 3, 2016, no pet.) (per curiam). Although the Texas Court of Criminal Appeals

---

[5]Reporter's Record, Trial on the Merits, vol. 5, Docket Entry No. 12-7, p. 8 line 21 - p. 9 line 5.

[6]Id. at 16 lines 15-19. The trial court's judgment clarifies that the conviction was for robbery by threat. See Judgment of Conviction by Jury, Docket Entry No. 12-1, p. 75; see also Tex. Penal Code § 29.02(a)(2) (describing the offense of robbery by threat).

[7]Reporter's Record, Punishment Proceedings, vol. 6, Docket Entry No. 12-8, pp. 7-161.

[8]Reporter's Record, Punishment Proceedings, vol. 7, Docket Entry No. 12-9, p. 20 lines 11-20.

[9]Appellant's Brief, Docket Entry No. 12-12, p. 6.

[10]Memorandum Opinion, Docket Entry No. 12-15, p. 4.

granted Gilbert an extension of time until August 31, 2016,[11] he did not file a petition for discretionary review.[12]

Gilbert filed the pending Petition on February 22, 2022,[13] asserting that he is entitled to federal habeas corpus relief for the following reasons:

1. An incorrect definition of "beyond a reasonable doubt" was given to potential jurors during voir dire.

2. He is actually innocent because no reasonable juror would have found him guilty if a correct definition of "beyond a reasonable doubt" had been given during voir dire.

3. The State denied him a fair trial when it did not provide a jury instruction for the lesser-included offense of theft.

4. The evidence is insufficient to support his guilt beyond a reasonable doubt of robbery by threat.[14]

---

[11] Exhibit A to Respondent's MSJ, Official Notice from Court of Criminal Appeals of Texas, Docket Entry No. 11-2, p. 3.

[12] Exhibit B to Respondent's MSJ, Certification of Deana Williamson, Clerk of the Court of Criminal Appeals, Docket Entry No. 11-3, p. 2.

[13] The Petition was sent by certified mail and received on March 15, 2022. See Petition, Docket Entry No. 1, p. 17. However, the Petition is dated February 22, 2022, indicating that it was placed in the prison mailing system on that date. See id. at 15. Using the date most favorable to the petitioner, the court considers that the Petition was filed on February 22, 2022, under the mailbox rule that applies to pro se prisoner pleadings. See Richards v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998)).

[14] Petition, Docket Entry No. 1, pp. 5-10; Memorandum of Law, Docket Entry No. 2, pp. 3-9.

The respondent argues that the Petition must be dismissed because it is untimely and barred by the governing one-year statute of limitations on federal habeas corpus review.[15]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the Petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of —

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because Gilbert challenges a state court judgment of conviction, the limitations period began to run pursuant to § 2244(d)(1)(A) — no later than August 31, 2016, when his time to pursue discretionary review expired. See Roberts v.

---

[15]Respondent's MSJ, Docket Entry No. 11, pp. 6-13.

Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (noting that when a petitioner does not seek a writ of certiorari in the United States Supreme Court his conviction becomes final for purposes of § 2244(d)(1)(A) "when the time for seeking further direct review [in the state court] expire[s]"). That date triggered the statute of limitations, which expired one year later on August 31, 2017. The federal Petition that Gilbert executed on February 22, 2022, is late by more than four years and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B.  Statutory Tolling Will Not Save Gilbert's Untimely Petition**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The record reflects that Gilbert filed two post-conviction applications for collateral review, which are considered separately below to determine whether either proceeding qualifies for tolling under § 2244(d)(2).

Gilbert executed his first Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("First State Habeas Application") on April 24, 2017.[16] Gilbert alleged that he was entitled to relief because: (1) the trial court erred by allowing

---

[16]First State Habeas Application, Docket Entry No. 13-16, pp. 5-45.

-6-

him to represent himself without first holding a competency hearing; and (2) he was denied effective assistance of counsel on appeal.[17] Gilbert's First State Habeas Application remained pending for almost two years (723 days) until the Texas Court of Criminal Appeals denied relief on April 17, 2019.[18] The respondent notes that this proceeding extended the deadline to seek federal habeas review from August 31, 2017, until August 24, 2019, which is not enough to make the federal Petition that Gilbert filed on February 22, 2022, timely.[19]

Two years after Gilbert's First State Habeas Application was denied in 2019, Gilbert filed a second Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("Second State Habeas Application") on August 29, 2021, which raises the same claims that he asserts in his federal Petition.[20] On November 24, 2021, the Texas Court of Criminal Appeals dismissed the Second State Habeas Application as a subsequent writ that was barred by Article 11.07 § 4(a)-(c) of the Texas Code of Criminal Procedure.[21]

---

[17]Id. at 10, 12.

[18]Action Taken on Writ No. 89,340-02, Docket Entry No. 13-14.

[19]Respondent's MSJ, Docket Entry No. 11, p. 8.

[20]Second State Habeas Application, Docket Entry No. 13-22, pp. 4-22.

[21]Action Taken on Writ No. 89,340-04, Docket Entry No. 13-21. The Fifth Circuit has recognized that dismissal of a successive state habeas application by the Texas Court of Criminal Appeals (continued...)

Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of 28 U.S.C. § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Gilbert has not proposed any other basis for statutory tolling of the limitations period and the record does not disclose any. Accordingly, statutory tolling will not save his untimely federal Petition, which must be dismissed unless an equitable basis exists to extend the statute of limitations on federal habeas review.

## C.   Equitable Tolling is Not Warranted

Equitable tolling is available at the court's discretion "only in rare and exceptional circumstances." Jackson v. Davis, 933 F.3d 408, 410 (5th Cir. 2019) (citation and internal quotation marks omitted). "The petitioner bears the burden of establishing that equitable tolling is warranted." Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). To meet

---

[21](...continued)
constitutes a procedural default that is sufficient to bar federal habeas review of a petitioner's claims. See Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997); see also Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995) (concluding that the Texas abuse-of-the-writ doctrine constitutes an independent and adequate procedural bar to federal habeas review). Because the record does not disclose cause or any other excuse for his procedural default, it appears that Gilbert's Petition is subject to dismissal for this additional reason.

this burden a petitioner must demonstrate (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

The record documents extensive delay by Gilbert, who waited until he filed his Second State Habeas Corpus Application in 2021 to assert his federal claims in state court.[22] Gilbert has not offered any explanation for his lack of diligence in seeking federal habeas review. Although Gilbert represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The court notes that Gilbert claims that he is actually innocent of the robbery offense.[23] A free-standing allegation of actual innocence is not an "independent constitutional claim" that is actionable on federal habeas corpus review. See Herrerra v. Collins, 113 S. Ct. 853, 869 (1993); see also Graves v. Cockrell,

---

[22]Second State Habeas Application, Docket Entry No. 13-22, pp. 4-22.

[23]Petition, Docket Entry No. 1, pp. 7, 13.

351 F.3d 143, 151 (5th Cir. 2003) (observing that the Fifth Circuit has repeatedly held that claims of actual innocence are "not cognizable" on federal habeas review). If proven, however, actual innocence may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

To be credible a habeas petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851, 865 (1995). To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 867.

Gilbert, who argues that he is actually innocent because the jurors were given a deficient definition of reasonable doubt during voir dire,[24] does not support his claim with new evidence that was unavailable at trial or that demonstrates his actual innocence under the standard articulated in Schlup. See Bousley v. United States, 118 S. Ct. 1604, 1611 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). From the court's own review of the record, Gilbert fails to show that the jurors who

---

[24] Id. at 7; Memorandum of Law, Docket Entry No. 2, pp. 5-7.

served at his trial were not properly instructed on the burden of proof.[25] Although there was no definition of what constitutes a reasonable doubt in the jury instructions, Gilbert did not raise an objection on that issue or request such a definition.[26] He does not otherwise show that a definition of reasonable doubt was required. See Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) ("We find that the better practice is to give no definition of reasonable doubt at all to the jury."). More importantly, Gilbert does not show that the evidence, which featured testimony from the victim who identified Gilbert in open court as the man who robbed him while flashing a knife that placed him in fear for his life, was insufficient to support his conviction.[27] See Tex. Penal Code § 29.02(a)(2) (describing the offense of robbery by threat). Because Gilbert has not shown that he is actually innocent, he is not entitled to tolling under McQuiggin.

The court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court, but the record does not disclose exceptional circumstances that would warrant equitable tolling. See Felder, 204 F.3d at 173.

---

[25] Jury Instructions, Docket Entry No. 12-1, p. 72.

[26] Reporter's Record, Trial on the Merits, vol. 5, Docket Entry No. 12-7, p. 10 line 25 - p. 11 line 9.

[27] Reporter's Record, Trial on the Merits, vol. 4, Docket Entry No. 12-6, pp. 15-31, 37 (testimony of the victim describing the robbery and identifying Gilbert as the perpetrator who flashed a knife during the offense, placing him in fear).

Because Gilbert fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent Lumpkin's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Derrick Deshawn Gilbert (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 28th day of October, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE